UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERRY R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01116-TAB-TWP |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION
## FOR ATTORNEY FEES UNDER 42 U.S.C. § 402(b)

### I. Introduction

This matter is before the Court on Plaintiff Sherry R.'s motion for attorney's fees under 42 U.S.C. § 406(b). [Filing No. 37.] Plaintiff's counsel seeks to be compensated $13,724 for his successful representation of Plaintiff in this civil action for Social Security benefits, consistent with the 25% contingency fee agreement between Plaintiff and her counsel. Defendant Commissioner takes no position on the reasonableness of the requested fee. As set forth below, the Court finds Plaintiff's proposed attorney's fee reasonable and grants Plaintiff's motion for attorney's fees.

### II. Discussion

Plaintiff first filed an application for Social Security benefits in April 2017, alleging disability beginning February 13, 2016. [Filing No. 15-2, at ECF p. 26.] The Disability Determination Bureau denied her application, and she was likewise denied upon reconsideration. Afterward, Plaintiff appeared for a hearing before an Administrative Law Judge and received an unfavorable decision on January 29, 2019. The Appeals Council denied review. Plaintiff then

timely filed a complaint with this Court, and on May 11, 2021, the undersigned remanded this case to the Social Security Administration for a new hearing. [Filing No. 32.] On April 21, 2022, the SSA issued a fully favorable decision and awarded Plaintiff $54,896 in past-due benefits. [Filing No. 38-2; Filing No. 38-3.]

Counsel now seeks an award of attorney's fees for his successful representation of Plaintiff. Plaintiff signed a fee agreement with counsel that provides for an award of 25% of the past-due benefits, which is $13,724 in this case. The Commissioner takes no position on the reasonableness of the requested fees but rather simply asks the Court to consider "the overall reasonableness of the fee request with respect to the work performed in federal court." [Filing No. 39, at ECF p. 3.]

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406. Section 406(b) calls for the Court to review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In making this determination, the Court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808. There has been no suggestion that Plaintiff's counsel delayed these proceedings. Thus, the focus of the inquiry is the character of the results obtained and whether the fee would constitute a windfall.

Counsel obtained outstanding results for Plaintiff. After Plaintiff sought disability benefits since 2017, and was thwarted at every step, Plaintiff's counsel appealed to this Court and

secured a remand. This resulted in Plaintiff receiving past-due benefits totaling $54,896. Thus, the character of the results obtained supports the requested fee award.

To determine whether an award of attorney's fees of $13,724 would be a windfall, the Court looks at the implied hourly rate and examines other fee awards that have been found to be reasonable in this district. Calculating the implied hourly rate here is complicated by the fact that Plaintiff seeks compensation both for 10.15 hours of attorney time and 9.0 hours of non-attorney time. In his brief, Plaintiff treats both attorney and non-attorney time as equal, arguing that the resulting implied hourly rate is $716.66 ($13,724 ÷ (10.15 hours + 9.0 hours)). The Court has previously expressed reservation about treating attorney and non-attorney time equally. *See, e.g., Bradley v. Kijakazi*, No. 1:20-cv-323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (declining to award rate of over three times the generally accepted rate for attorneys to non-attorneys, and instead counting two non-attorney hours as roughly equal to one hour of attorney work). *See also Chasidy A. v. Kijakazi*, No. 1:19-cv-2577-TAB-TWP, 2022 WL 2305708, at *3 (S.D. Ind. June 27, 2022) (finding implied hourly rate of $1,332 would be a windfall and reducing to $1,200/hour for attorney work and $600/hour for non-attorney work).

If the Court only accounts for attorney time, the implied hourly rate is much higher, at $1,352.12 ($13,724 ÷ 10.15 hours). Completely ignoring non-attorney time is not the correct approach either, though, as courts have long accepted that reasonable attorney's fees can include the work of paralegals and law clerks. *See, e.g., Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989) ("Clearly, a 'reasonable attorney's fee' cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. . . . We thus take as our starting point the self-evident

3

proposition that the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys.").

If the Court were to decrease the implied hourly rate to $1,200 for attorney time and $600 for non-attorney time in this case, as it has in a few others Plaintiff cites, then the total fees sought would be $17,580, which is higher than the total amount that Plaintiff's counsel is seeking ($13,724). None of these approaches seems appropriate.

Accordingly, the Court finds that the best approach for this case is to adjust the total hours calculation by treating two non-attorney hours as roughly equivalent to one hour, as in *Bradley*. In this scenario, the Court counted 10.15 attorney hours and only 4.5 non-attorney hours (half of the 9 actual hours), for a total of 14.65 hours. When the total amount sought ($13,724) is divided by 14.65 hours, the resulting implied hourly rate is $936.79. If the Court applies that rate to the attorney hours, then divides that rate in half ($468.40) and applies the reduced rate to the 9 hours of non-attorney time, the result is the amount Plaintiff is seeking, $13,724. Thus, the implied hourly rate appears to be roughly $936 for attorney time, and $468 for non-attorney time.

Ultimately, the math demonstrates that Plaintiff's request is reasonable, even if the Court cannot precisely articulate the implied rate for attorney and non-attorney hours. The rates are consistent with rates the Court has previously approved and found reasonable. Counsel should reap the benefits of his excellent work, and this result does not appear to create a windfall. For these reasons, the Court finds Plaintiff's request for attorney's fees to be reasonable for the time counsel spent on the case and the amount involved in the case. Plaintiff's counsel is entitled to a § 406(b) fee award of $13,724 ($936.79 per hour times 10.14 hours, plus $468.40 per hour times 9 hours).

**III.     Conclusion**

Plaintiff's motion for attorney's fees [Filing No. 37] is granted.  For the reasons set forth above, the Commissioner is directed to pay Plaintiff's counsel attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,724.  As a consequence, Plaintiff's counsel must refund Plaintiff the $2,777.75 fee previously awarded under the Equal Access to Justice Act.[1]

Date: 1/26/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] If the Court awards fees under both § 406(b) and EAJA, only the larger of the two awards may be collected.  *See, e.g., O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) ("Congress amended the EAJA in 1985 to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—but only if, where the claimant's attorney receives fees for the same work under both § 406(b)(1) and the EAJA, the claimant's attorney refunds to the claimant the amount of the smaller fee." (Internal quotation marks and brackets omitted)), *cert denied*, 142 S. Ct. 707 (U.S. 2021).